UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
DOMINICK SCOTT,

                                      Plaintiff,

                    -against-

CITY OF NEW YORK; Police Officer GERARD
CASH, Shield No. 18279; and JOHN and JANE
DOE 1 through 10, individually and in their official
capacities (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                                   Defendants.
------------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.    Plaintiff demands a trial by jury in this action.

## PARTIES

6.    Plaintiff DOMINICK SCOTT ("plaintiff" or "Mr. SCOTT") is a resident of Kings County in the City and State of New York.

7.    Defendant City of New York is a municipal corporation organized under the laws of the State of New York.  It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8.    Defendant Police Officer GERARD CASH, Shield No. 18279 ("CASH"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant CASH is sued in his individual and official capacities.

9.    At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10.    At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11.     At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12.     At approximately 2:59 a.m. on June 30, 2013, plaintiff was lawfully in the vicinity of 50 Stuyvesant Avenue, in Brooklyn, New York.

13.     Plaintiff approached a group of people.  Plaintiff was looking for his brother, Travis.

14.     As plaintiff approached the group, defendants ran up to plaintiff and ordered him to stop.  Plaintiff, having done nothing wrong, complied.

15.     Plaintiff asked the officers why he was being stopped.  In response, one of the defendants grabbed plaintiff and threw him to the ground, scraping plaintiff's face.

16.     The officers used excessive force to handcuff plaintiff and called out "stop resisting" even though plaintiff was not resisting.

17.     The officers the transported plaintiff to a police precinct.

18.     At the precinct, the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff commit various crimes including Obstructing Governmental Administration.

19.     At no point did the officers observe plaintiff commit any crimes or offenses.

20.     From the precinct, plaintiff was taken to Brooklyn Central Booking.

21.     Plaintiff was then arraigned in Kings County Criminal Court, where his criminal charges were adjourned in contemplation of dismissal.

22.     After approximately twenty-four (24) hours in custody, plaintiff was released.

23.     Plaintiff suffered damage as a result of defendants' actions.  Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
## 42 U.S.C. § 1983  Federal Civil Rights Violations

24.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

25.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

26.     All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

27.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

28.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

29.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM
### Unlawful Stop and Search

30.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31.     Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

32.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## THIRD CLAIM
### False Arrest

33.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34.     Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

35.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Unreasonable Force

36.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37.     The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

38.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Denial Of Constitutional Right To Fair Trial

39.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40. The individual defendants created false evidence against Plaintiff.

41. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

42. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

43. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Malicious Abuse Of Process

44. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

45. The individual defendants issued legal process to place Plaintiff under arrest.

46. The individual defendants arrested Plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their assault of him.

47. The individual defendants acted with intent to do harm to Plaintiff without excuse or justification.

48. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Failure To Intervene

49. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

50. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

51. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

52. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a)  Compensatory damages against all defendants, jointly and severally;

(b)  Punitive damages against the individual defendants, jointly and severally;

(c)  Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d)  Such other and further relief as this Court deems just and proper.

DATED:     March 18, 2014
           New York, New York


_____/s/_____
Robert Marinelli
299 Broadway, Ste. 1501
New York, New York 10007
(212) 822-1427
robmarinelli@gmail.com

*Attorney for plaintiff*